KELLY BABINEAU  (CA State Bar #190418)
The Law Office of Kelly Babineau
901 H Street, Suite 203
Sacramento, CA 95814
Tel:(916) 442-4948
Fax: (916) 492-2909
kbabineau@klblawoffice.net

Attorneys for SERGIO ROMAN BARRIENTOS

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE UNITED STATES OF AMERICA, | ) No. 2:16-CR-00046GEB |
| Plaintiff, | ) |
| | ) |
| | ) MOTION FOR BAIL REVIEW |
| v. | ) |
| | ) Date:  June 1, 2016 |
| | ) Time:  2:00 p.m |
| SERGIO ROMAN BARRIENTOS | ) Judge: Hon. Carolyn K. Delaney |
| | ) |
| Defendant. | ) |
| _____) | |

TO: BENJAMIN WAGNER, U.S. Attorney, and MATTHEW YELOVICH, Assistant U.S. Attorney:

PLEASE TAKE NOTICE that on June 1, 2016, at 2:00 p.m., defendant Sergio Barrientos, by and through his attorney, Kelly Babineau, will move the court to conduct a detention hearing in order to obtain his release pending trial in accordance with the Bail Reform Act, 18 U.S.C. §3142, et. seq.

**MOTION**

Defendant, Sergio Barrientos, moves pursuant to 18 U.S.C. §3142 to conduct a detention hearing in the above case and for release pending trial in accordance with the Bail

-1-

Reform Act. Mr. Barrientos was arraigned on May 26, 2016. During the detention hearing, the issue was submitted upon by the defense with the understanding that a motion would be filed when bail conditions could be met relative to the question of whether conditions may be set that will reasonably assure Mr. Barrientos' appearance at trial and the safety of the community. (PCR 17.)

This motion is supported by the attached memorandum of points and authorities and exhibits. It will be further supported by evidence and / or argument offered at the hearing of this motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. Background

Mr. Barrientos is charged in *US v. Barrientos*, 16-CR-00046GEB, in a superseding indictment with violating a count of 18 USC 1349 [conspiracy to commit wire fraud], two counts of 18 USC1343 [wire fraud] and a count of 18 USC 1344 [bank fraud].

Mr. Barrientos was arraigned on May 26, 2016. The court made a temporary ruling ordering detention, with an understanding that the defendant could bring a motion at a future date, when conditions for bail could be met.

### II. Relevant Law

The Bail Reform Act favors release in all but a few cases. The Act provides that:

(a) In general. Upon the appearance before a judicial officer of a person charged with an offense, the judicial officer shall issue an order that, pending trial, the person be—
  (1) Released on personal recognizance or upon execution of an unsecured appearance bond, under subsection (b) of this section;
  (2) released on a condition or combination of conditions under subsection (c) of this section;

   (3) temporarily detained to permit revocation of conditional release, deportation, or exclusion under subsection (d) of this section; or
   (4) detained under subsection (e) of this section.  (18 USC §1342 (a).)

Conditions of release range from release on personal recognizance or unsecured bond (18 USC §3142(b)), to "the least restrictive further condition, or combination of conditions, that [the] judicial officer determines will reasonably assure the appearance of the person as required."  (18 USC §3142 (c).)

In determining whether conditions may be set "that will reasonably assure the appearance of the person as required and the safety of any other person and the community," the following factors are relevant:

>   (1) the nature and circumstances of the offense charged. . . ;
>   (2) the weight of the evidence against the person;
>   (3) the history and characteristics of the person, including--
>     (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>     (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>   (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release . . .(18 USC §3142(g).)

The Ninth Circuit has repeatedly stated that "[o]nly in rare cases should release be denied" and that any "[d]oubts regarding the propriety of release are to be resolved in favor of defendants."  (*United States v. Townsend* (9th Cir. 1990) 897 F.2d 989, 994; *United States v. Motamedi* (9th Cir. 1985) 767 F.2d 1403, 1405.)  Although the rebuttable presumption requires that the defendant present some evidence that he is not a danger or

flight risk, the burden is small, requiring that he defendant produce only "some credible evidence" that he will appear in court and not pose a threat to the community.  (See, e.g. *United States v. Chen* (N.D. Cal. 1982) 820 F.Supp. 1205, 1207; *United States v. Clairborne* (3rd Cir. 1986) 793 F.2d 559.)

### III.  Argument for Release

A. Danger to the Community

In this case, Mr. Barrientos is charged in a four count indictment.  The case alleges conspiracy to commit bank fraud, wire fraud and bank fraud.

Pretrial has indicated that Mr. Barrientos has no prior convictions, and does not appear to be a danger to the community.

Flight Risk

Mr. Barrientos is not a flight risk.  He has no history of failures to appear and has very strong family support and ties to the community.  His son lives in San Francisco and his long term girlfriend (Connie Lindsey) lives in Sunnyvale.  Ms. Lindsey, in addition to offering a place for Mr. Barrientos to stay, has offered to do a property bond on her home.  I understand that there is approximately $400,000 in equity on the home.

With all of these resources and conditions available, the court could fashion a set of conditions that would reasonably assure the appearance of Mr. Barrientos as required and the safety of any other person and the community.

### IV.  Conclusion

The law merely requires that the defendant present "some credible evidence" that he will appear in court and not pose a threat to the community.  The aforementioned clearly

meets this burdern.  Based upon the foregoing law and argument, it is respectfully requested that the Court grant this motion and allow Mr. Barrientos to be released to pretrial services.

DATED:  May 31, 2016				Respectfully submitted,


					_/s/Kelly Babineau_____
					KELLY BABINEAU
					Attorney for Sergio Barrientos